## No. 3796.

### NORTHERN BANK OF KENTUCKY and als. *v.* THE POLICE JURY OF POINTE COUPEE and als.

Where in a suit to erase the mortgage of a third party, said party alleged that the mortgaged property had never been individually owned by the debtor of the plaintiffs, and that, even if it had been the property of said debtor, which was expressly denied, the mortgage was binding and operative, and that no valid reason existed in law to have it canceled ;

Held—That the two pleas were not contradictory, and that the judge *a quo* erred in ruling defendant to elect between them, because it was competent for the party to prove that the property seized not belonging to the debtor of the plaintiffs, they had no right or interes[t] to inquire into the validity of the mortgage resting on it ; and because it was also competent for said third party to establish at the same time that the mortgage in his favor was valid.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Miller*, J. *Edward Phillips*, for plaintiffs and appellees. *Haralson & Claiborne*, for defendants and appellants.

Justices concurring : Ludeling, Taliaferro, Howell, Wyly, Morgan.

LUDELING, C. J. The plaintiffs having a judgment against Jules Labatut, caused a plantation, situated in Pointe Coupée to be seized, under an execution issued under said judgment, as the property of said Labatut. The plaintiffs then instituted this suit to erase a mortgage executed by Labatut in favor of the Police Jury of Pointe Coupée for the benefit of the Poydras College, for the sum of $23,166 60, on the ground that it had no legal existence.

The defendants in their answers allege that the property " is and always has been the property of Zenon Porche's succession, administered by Jules Labatut, dative testamentary executor of the will of Z. Porche, in which capacity alone has he now or has he ever had posses-

sion of said mortgaged property. They further alleged that if the property be " held to be that of Jules Labatut, and susceptible of mortgage by him individually, which is alleged by said plaintiffs, but which they (defendants) expressly deny, then they aver that said mortgage is binding and operative on the property mortgaged, and that no good and valid reason exists in law why the same should be canceled or set aside."

The plaintiffs then moved that the defendants be compelled to elect which of the two pleas they would rely upon, on the ground that they were contradictory. The court ordered that the pleas were contradictory, and that the defendants should elect between the two. The defendants took a bill of exceptions to this ruling, and they elected to rely upon the defense that the property belonged to the succession of Porche and not the debtor of the plaintiffs.

On the trial the defendants offered testimony and documentary evidence to prove that the property, seized and claimed by plaintiffs to belong to Labatut, belonged to the succession of Porche as alleged in their answers, which succession was in course of administration in the parish court, and that the defendants were particular legatees under the will for the amount for which the mortgage had been executed; that their legacy was unproved and that there was no other property of the succession out of which said legacy could be discharged, to the introduction of which evidence the plaintiffs excepted on the ground that the evidence was irrelevant, in this that if the property belonged to the succession, the cancellation of the mortgage could not affect injuriously the succession, and because the defendants having elected to claim as legatees under the will and not under the mortgage, had no interest in opposing its erasure. The court sustained the objections and rejected the evidence. The defendants retained their bill of exceptions.

It thus appears, that in a suit to erase a mortgage of a third party, that party is forced to elect between two defenses against the action of the plaintiffs, on the ground that they are inconsistent; and that having elected the first they are then not allowed to establish it, because it is not material to the issue presented by the plaintiffs.

We are of the opinion that the defenses set up were not contradictory. It was competent to prove that the property, seized as the property of Labatut, did not belong to him, to show that the plaintiffs, creditors of Labatut, had no right or interest to inquire into the validity of defendants' mortgage on said property, and they might at the same time have shown that the mortgage was valid. The property was held by the testamentary executor and the property was in course of administration in the probate court. The executor was also the universal legatee, and he gave the mortgage in question to secure the

NEW ORLEANS, MARCH, 1873. 187

Northern Bank of Kentucky and als. v. The Police Jury of Pointe Coupee and als.

payment of the special legacy in favor of the Poydras College. We do not consider the defenses inconsistent or contradictory; and the rulings of the judge *a quo* were erroneous in forcing the defendants to abandon one of their grounds of defense, and in refusing to allow them to prove that the property belonged to the succession of Z. Porche.

It is therefore ordered and adjudged that the judgment of the lower court canceling the mortgage in favor of the Police Jury of Pointe Coupée for the benefit of the Poydras College be annulled, and that this case be remanded to the court *a quo* to be proceeded with according to law. It is further ordered that the plaintiffs and appellees pay costs of appeal.